■ LEON MOORE, Respondent, v. WILLIAM WARFIELD, Appellant.— Order, entered on November 16, 1962, denying motion to strike out third and fourth causes of action in amended complaint, unanimously reversed on the law, with $20 costs and disbursements and the motion granted with leave to plaintiff to serve a second amended complaint within 10 days after service of a copy of the order entered herein with notice of entry. It is impossible to tell from the amended complaint whether the third and fourth causes of action refer to the same contract, different contracts or an amendment or novation of a contract. The resulting confusion prevents an adequate response to the pleading. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ CAMILLE WEISNER, Respondent-Appellant, v. SIDNEY WEISNER, Appellant-Respondent.— Order, entered on January 24, 1963, unanimously modified on the law to the extent of reversing so much thereof which granted plaintiff's motion to strike out the first affirmative defense for legal insufficiency, and denying the motion, and as so modified, the order is affirmed, without costs. The first affirmative defense to plaintiff's action for a separation alleges that a decree of divorce obtained by plaintiff against a former husband in Alabama in 1953 was void for lack of jurisdiction, and since the prior marriage was never legally dissolved, the parties in the instant action are not legally husband and wife. A third person, not a party to a divorce decree rendered in another State, may collaterally attack the validity of such a decree in this State if the State that rendered the decree permits such a collateral attack. (*Rosenbluth* v. *Rosenbluth,* 34 Misc 2d 290; see, also, *Matter of Lindgren,* 293 N. Y. 18, 23 and *Urquhart* v. *Urquhart,* 272 App. Div. 60, affd. 297 N. Y. 689.) While recognizing this right collaterally to attack the Alabama decree, Special Term found the affirmative defense defective since it did not allege that the collateral attack was timely made in accordance with the laws of Alabama. Even assuming the materiality of an Alabama Statute of Limitations in such cases — an assumption which cannot be reconciled with *Hartigan* v. *Hartigan* (272 Ala. 67), where the court *sua sponte* vacated a decree obtained almost six years earlier — there would be no necessity for defendant to negative the applicability of a Statute of Limitations in his pleading. Any claim of the applicability of a Statute of Limitations is a matter which plaintiff must affirmatively plead in reply. Hence, the first affirmative defense, as pleaded, was sufficient in law to raise the issue of the validity of the Alabama divorce and the subsequent marriage of the parties herein. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.