OPINION OF THE COURT
Arnold G. Fraiman, J.
This is a motion by plaintiff for summary judgment in an action to recover the balance due on a guarantee agreement *562 executed in connection with a conditional sales contract for the purchase of a back hoe. The hoe was repossessed from the purchaser for nonpayment of installments and sold "to the highest offeror”. Defendant concedes the validity of the guarantee agreement and admits that there was a default in the payment of installments by the purchaser. Nor does it dispute the amount of the outstanding balance owed to plaintiff under the sales contract. However, it contends that the hoe was not sold in a comercially reasonable manner as required by section 9-504 of the Uniform Commercial Code. Consequently, it argues that the amount realized from the sale which was available to offset the outstanding balance due under the sales contract was substantially less than it should have been, thereby making excessive the amount of the deficiency judgment now claimed by plaintiff, and it seeks a trial on this issue. The hoe was allegedly sold to the highest offeror for $10,500. In support of its contention that it was not sold in a commercially reasonable manner, defendant relies upon an exhibit annexed to plaintiff’s moving papers wherein it is noted that a professional appraiser had stated that the hoe had an "as is” trade-in value of $20,000 and with repairs, a value of up to $25,000.
Plaintiff contends that the defense of failure to comply with the Uniform Commercial Code with respect to the manner in which the hoe was sold is not available to defendant, by reason of a waiver clause contained in the printed guarantee agreement providing that the guarantor "waives exercise of possessory, foreclosure or other remedies by you [the plaintiff] against Customer [the purchaser]”. While the precise meaning of this quoted language is not entirely clear, the court is satisfied that it does not constitute a waiver of defendant’s right to claim that the sale was not conducted in a commercially reasonable manner. And as to that issue, the court finds that defendant, by showing that there was a marked discrepancy between the hoe’s appraised value and the creditor’s sale price, has raised sufficient question as to whether the sale was conducted in a commercially reasonable manner to warrant a trial on that issue. (See Central Budget Corp. v Garrett, 48 AD2d 825-826.)
For all the foregoing reasons, plaintiff’s motion for summary judgment is granted on the issue of liability only. The issue of whether the sale of the hoe was conducted in a commercially reasonable manner, as well as a determination of the reasona *563 ble value of plaintiffs attorney’s fees, which it is also entitled to under the guarantee agreement, is referred to Trial Term, Part 7 for assignment, to hear and report with recommendations. Pending receipt of the report, final determination of the motion is held in abeyance. Counsel are directed to file a conformed copy of this order with the office of the referees, Room 308-M, within five days after publication hereof for the purpose of obtaining a calendar date.