■ GENERAL ELECTRIC CREDIT CORPORATION, Respondent, v DURANTE BROS. & SONS, INC., Appellant.—Judgment, Supreme Court, New York County, entered October 16, 1979 against the defendant in the sum of $16,985.12, together with the sum of $2,500 making in all a total of $19,485.12, plus interest, costs and disbursements, unanimously modified, on the law and on the facts, without costs, to the extent of reducing the deficiency judgment to an amount to be fixed in an order to be settled in accordance with this memorandum, and otherwise affirmed. Appeal from order, Supreme Court, New York County, entered October 11, 1979, which, inter alia, granted plaintiff's motion for summary judgment dismissed as subsumed in the judgment, without costs. Defendant, guarantor of a conditional sales contract involving a piece of heavy construction equipment, appeals from a judgment entered on an order granting plaintiff summary judgment on its cause of action for a deficiency judgment and counsel fees. The deficiency judgment represents the difference between the remaining indebtedness on the conditional sales contract plus incidental and authorized expenses and the amount realized on a private sale of the equipment following its repossession, a sum substantially below the remaining indebtedness as well as below the appraised market value of the equipment. Two issues are presented. The first is whether or not the sale of the equipment complied with that part of section 9-504 of the Uniform Commercial Code, regulating the rights of a secured party to dispose of collateral after default, which requires that (subd [3]) "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." Contrary to the conclusion reached by the Trial Judge and affirmed by the court at Special Term, we are satisfied that the sale of equipment did not comply with that statutory mandate. The second question, accordingly, required to be addressed is whether plaintiff, by failing to sell the repossessed equipment in a commercially reasonable manner, forfeited its right to a deficiency judgment, or whether plaintiff is entitled to recover a deficiency judgment to the extent to which the outstanding indebtedness and authorized expenses exceed the fair and reasonable value of the equipment. Although this issue is not free from doubt and has been the subject of contradictory rulings in the courts of this State as well as in the courts of many other jurisdictions, we have concluded that plaintiff is entitled to a deficiency judgment based upon the fair and reasonable value of the equipment. At issue here is a conditional sales contract involving a 1975 model backhoe, a piece of heavy construction equipment. The purchase price,

totaling approximately $39,000, was to be paid in 48 monthly installments. It is undisputed that a default in several payments occurred, that the balance remaining of $27,485.12 was accelerated, that plaintiff demanded and received possession of the equipment, and after varying efforts to sell it eventually sold the equipment for $10,500 in a private sale. In a decision dated July 27, 1978 (reported at 96 Misc 2d 561) Special Term granted plaintiff's motion for summary judgment only as to the issue of defendant's liability, reserving final determination pending report after trial on the issue of the commercial reasonableness of the sale and the reasonable value of attorneys' fees. Special Term held that defendant had shown a sufficient discrepancy between the sales price and the appraised value of the equipment to raise a question as to commercial reasonableness of the sale which required trial. After trial, in a report confirmed by Special Term, the trial court determined that the sale was conducted in a commercially reasonable manner. We disagree. The principle is clear that plaintiff has the burden of establishing the commercial reasonableness of every aspect of the disposition of the collateral. (See Uniform Commercial Code, § 9-504, subd [3]; *Bankers Trust Co. v Dowler & Co.*, 47 NY2d 128; *Central Budget Corp. v Garrett*, 48 AD2d 825.) When the record of the trial is considered as a whole it discloses a group of circumstances which taken together establish plaintiff's failure to meet that burden. Plaintiff's employee in charge of the disposition of the equipment never inspected it, nor did any of his subordinates. He did not recall knowing that the equipment had special option features, which enhanced significantly its value. It is undisputed that prospective bidders were not informed of such features. In addition, the method of advertising used violated plaintiff's own rules with regard to advertising such equipment. Moreover, the newspaper selected for advertising was clearly not the most appropriate one for reaching the intended market. Further, plaintiff rejected a tentative offer substantially in excess of the price ultimately received as being too low and made no effort thereafter to pursue that offer. The contrary testimony of plaintiff's witness to the effect that the offer was withdrawn after inspection appears clearly to have been hearsay in character and of insufficient probative force to overcome the direct and disinterested testimony of the bidder. Taking the above circumstances together, we are satisfied that plaintiff did not meet its burden of proving that the sale was conducted in all respects in a commercially reasonable manner. The remaining question is whether plaintiff thereby forfeited its right to recover any deficiency judgment or whether it may recover such a judgment on the basis of proof establishing the fair and reasonable value of the collateral. The question is not one addressed in section 9-504 of the Uniform Commercial Code and has led to divergent conclusions in the courts of this State and throughout the country. In *Central Budget Corp. v Garrett* (48 AD2d 825, affg 78 Misc 2d 485) the Second Department held that a failure to prove the commercial reasonableness of a sale precluded any recovery by the creditor. A contrary conclusion was reached by the Fourth Department in *Security Trust Co. of Rochester v Thomas* (59 AD2d 242) which reviewed in detail the varying views that had been expressed by the courts of a number of States. The court agreed with what it described as the "middle ground" position, which it formulated as follows (p 246): "despite the creditor's failure to conduct the sale in a commercially reasonable manner, the

creditor may still recover a deficiency judgment against the debtor, except that in such cases the secured creditor must prove the amount of his deficiency and that the fair value of the security was less than the amount of the debt. This is sometimes expressed by stating that in such cases there is a presumption that the security was equal to the debt and that the secured party has the burden of proof to overcome such presumtion." We agree that the spirit of commercial reasonableness which underlies the Uniform Commercial Code makes this the most appropriate resolution of the question. This appears to be the view increasingly taken by those courts that have most recently addressed the question. (See, e.g., *Clark Leasing Corp. v White Sands Prods.*, 535 P2d 1077 [NM]; *Kobuk Eng. & Contr. Servs. v Superior Tank & Constr. Co.-Alaska*, 568 P2d 1007 [Alaska]; *Savings Bank of New Britain v Booze*, 382 A2d 226 [Conn].) Although the record is less than ideal with regard to the reasonable value of the equipment, we think it nonetheless sufficient to determine that issue with adequate certainty. We find the value of the equipment at the time of the sale to have been $18,000 and the judgment is modified accordingly. Settle order. Concur—Kupferman, J. P., Birns, Fein, Sandler and Sullivan, JJ. [96 Misc 2d 561.]