OPINION OF THE COURT
Lawrence E. Kahn, J.
The defendant moves for an order dismissing the complaint and granting it summary judgment upon its counterclaim.
On February 15, 1979, thé plaintiff, Gerald F. Kohler, entered into an installment sales contract with Morris Ford-Mercury, Inc., for the purchase of a new 1979 Mercury automobile for the sum of $5,057.28 to be repaid in 48 monthly payments of $105.36 each. Thereafter, Morris Ford assigned the installment sales contract to the defendant, Ford Motor Credit Co., Inc. On August 15, 1979, the due date for regular monthly payments was changed from the 27th of the month to the 15th of the month. Thereafter, the plaintiff began a practice of making his payments late, which practice continued throughout 1979, and the spring of 1980 until the defendant elected to accelerate the balance due and to resort to private repossession and sale of the automobile.
According to the plaintiff, on June 11, 1980, the defendant’s agent, John Lawlor, came to plaintiff’s place of *481 employment at a pizza parlor at 1539 Central Avenue, Albany, New York, and advised plaintiff’s employer that the plaintiff would have to quit since Ford Motor Credit Co., Inc., was repossessing his car. Plaintiff offered to make the payment at that time, but instead Lawlor locked plaintiff’s car so that it could not be moved and removed the distributor cap. The police were summoned. An argument took place between Kohler and Lawlor in full view of the customers, resulting in a loss of $57 worth of pizzas. The defendant went forward with the repossession and sale and received the amount of $1,750 for the sale at auction of the vehicle, despite its NADA book value of $3,675.
The plaintiff commenced this action alleging that the debt collection activities of the defendant violated the Federal Fair Debt Collection Practices Act (US Code, tit 15, § 1692 et seq.), as well as article 29-H of the General Business Law. The complaint alleges that as a result of defendant’s activities, the plaintiff suffered extreme embarrassment with respect to his employer and was damaged in the sum of $50,000, plus attorney’s fees. The defendant’s answer contains counterclaims for the balance due under the retail installment contract, attorney’s fees, and punitive damages of $100,000.
Upon this motion, the defendant argues that it is not a “debt collector” within the meaning of that term as defined in the Federal Fair Debt Collection Practices Act (US Code, tit 15, § 1692a, subd [6]). The defendant further argues that article 29-H of the General Business Law, which prohibits certain debt collection procedures, creates no private cause of action in favor of a party who is the victim of a prohibited debt collection practice, but rather that the sole means of enforcement of the article is by the Attorney-General or the District Attorney of any county. Finally, the defendant seeks summary judgment upon its counterclaims.
Plaintiff argues that even though the defendant is not a debt collector as that term is defined in the Federal act, liability may be imposed upon the defendant under existing case law. Plaintiff further argues that the private action for compensatory damages should be recognized under article 29-H of the General Business Law. In opposi *482 tion to the defendant’s motion for summary judgment upon the counterclaims, the plaintiff takes the position that the sale at auction was not conducted in a reasonably commercial manner as evidenced by the low price obtained for the vehicle in relation to its fair market value.
The court agrees with the defendant that the Federal Fair Debt Collection Practices Act has no application to this case. However, the defendant is a “[principal creditor” as that term is defined in subdivision 3 of section 600 of the General Business Law. Further, section 601 of the General Business Law provides in pertinent part that:
“No principal creditor, as defined by this article, or his agent shall: * * *
“4. Communicate or threaten to communicate the nature of a consumer claim to the debtor’s employer prior to obtaining final judgment against the debtor.”
It appears that at the time that Lawlor went to plaintiff’s place of employment, communicated with his employer, and created a disturbance, that the defendant had not yet obtained a final judgment against Kohler, and by so doing, Lawlor had violated subdivision 4 of section 601 of the General Business Law. In his Practice Commentary to article 29-H, Commentator Givens states that “although private suits are not expressly authorized, where actual damages are shown to be caused by a statutory violation, there is case law to support liability.” (McKinney’s Cons Laws of NY, Book 19, General Business Law, art 29-H, 1981-1982 Pocket Part, p 167.) A person injured by the violation of a statutory duty is permitted to maintain an action for that violation if he is within the class of persons intended to be protected by the statute (56 NY Jur, Statutes, § 273, p 721). Moreover, there have been prior private lawsuits to recover against debt collectors for collection practices in violation of section 601 of the General Business Law (McKimmie v Avco Fin. Serus. Co. of N. Y., 504 F Supp 1286, 1288).
Article 29-H of the General Business Law was enacted to protect debtors from debt collection practices that the Legislature considered reprehensible. While section 602 of the General Business Law authorizes the District Attorney *483 or Attorney-General to bring an action to compel compliance, that section does not specifically prohibit private suits for compensatory damages. The court cannot conceive of a better method of compelling debt collection agencies to comply with the law than by subjecting them to private suits by the persons whom their illegal collection practices have injured. Accordingly, this court finds that the complaint states a cause of action.
As to the motion for summary judgment upon the counterclaims, this record raises a question of fact as to whether the sale of the automobile was conducted in a commercially reasonable manner, which issue shall require a trial (General Elec. Credit Corp. v Durante Bros. & Sons, 96 Misc 2d 561). Furthermore, the counterclaims are so interrelated and intertwined with the complaint that summary judgment would not be appropriate (Sunshine Chem. Corp. v Dyna-Cool Air Conditioning & Heating Co., 79 AD2d 634).
The motion of the defendant for an order dismissing the complaint and for summary judgment on the counterclaims shall be denied, without costs.