GERALD F. KOHLER, Respondent, v FORD MOTOR CREDIT CO., INC., Appellant.

Third Department, April 21, 1983

APPEARANCES OF COUNSEL

*Lynn, Lynn & Miller, P. C.* (*Mark E. Watkins* and *Morton M. Z. Lynn* of counsel), for appellant.

*Salvatore J. Rico* (*David P. Marinucci* of counsel), for respondent.

CASEY, J.

■ At issue on this appeal is whether article 29-H of the General Business Law should be construed as implicitly creating a private cause of action in favor of individuals affected by a breach of its provisions, and, if so, whether plaintiff's complaint states such a cause of action. We hold that, assuming article 29-H creates a private right of action, plaintiff's complaint fails to state such a cause of action and, therefore, we decline to pass on the first issue.

Plaintiff purchased an automobile pursuant to a retail installment contract which was assigned to defendant. When plaintiff fell behind in the payments required by the contract, defendant employed certain collection techniques culminating in repossession and sale of the automobile. Plaintiff then commenced the instant action, alleging that defendant had engaged in collection procedures that violated article 29-H of the General Business Law.[1] Defendant's answer includes a counterclaim for, *inter alia,* the balance due on the sales contract. Special Term denied defendant's motion to dismiss the complaint and its motion for summary judgment on the counterclaim (112 Misc 2d 480). This appeal ensued.

Plaintiff's complaint alleges that defendant "engaged in debt collection procedures calculated to abuse and harass the plaintiff". Specifically, it is alleged that defendant's agents "came to plaintiffs place of employment harassed him, caused a disturbance, and caused him extreme embarrassment relative to his employer". These activities are alleged to have been in violation of article 29-H of the General Business Law, and it is further alleged "[t]hat by reason of the above, plaintiff has been damaged in the sum of $50,000".

Section 601 of the General Business Law sets forth nine prohibited practices for principal creditors. In our view, the allegations of plaintiff's complaint, accepted as true, are insufficient to establish that defendant committed any of the prohibited practices. The only provision that is even

---

1. Plaintiff also alleged that defendant's conduct violated the Federal Fair Debt Collection Practices Act (US Code, tit 15, § 1692 *et seq.*), but Special Term held that the act did not apply and plaintiff has not appealed.

remotely relevant is that pertaining to a debtor's employment, contained in subdivision 4 of section 601, which prohibits the creditor from communicating or threatening to communicate "the nature of a consumer claim to the debtor's employer prior to obtaining final judgment against the debtor". The complaint, however, fails to allege that defendant's agents actually communicated with plaintiff's employer. Nor does the complaint allege that the activity complained of occurred before defendant obtained a final judgment. More importantly, other than the conclusory allegation that plaintiff has been damaged to the extent of $50,000, and the allegation that he was embarrassed, there are no factual allegations in the complaint as to the injuries or damages sustained by plaintiff as the result of the alleged violation of article 29-H of the General Business Law. Although the complaint will be liberally construed and be deemed to allege whatever can reasonably be implied from its statements, it still must allege the material elements of the cause of action (*Lewis v Village of Deposit,* 40 AD2d 730, affd 33 NY2d 532), and plaintiff's complaint fails to do so. Supplementing the allegations of plaintiff's complaint with his answers to defendant's interrogatories and his affidavit, in order to determine whether plaintiff has a cause of action (see *Wolcott v Broughton,* 57 AD2d 1022, 1023), we reach the same conclusion since there are no factual allegations from which it can be inferred that plaintiff sustained injuries or damages of the type that the statute was intended to provide protection from.[2] Defendant's motion to dismiss the complaint, therefore, should have been granted. Since the allegations of plaintiff's complaint and supporting papers do not contain the material elements of a cause of action for intentional infliction of emotional distress (see *Long v Beneficial Fin. Co. of N. Y.,* 39 AD2d 11), there is no basis for granting

---

2. By way of contrast, in *Abounader v Strohmeyer & Arpe Co.* (243 NY 458), where the court sustained the complaint of a grocer against a packer of olive oil whose containers were filled with less than the volume indicated on their labels in contravention of the Farms and Markets Law, plaintiff's complaint alleged that as a result of defendant's violation of the statute, plaintiff had sustained substantial legal fees to defend himself against prosecution arising out of his resale of the containers, and that in addition his reputation as a merchant had been greatly damaged.

plaintiff's request for leave to amend his complaint to plead such a theory.

■ Turning now to defendant's motion for summary judgment on its counterclaim, we agree with Special Term that an issue of fact precludes granting the motion. To succeed on its counterclaim for a deficiency judgment, defendant must carry its burden of establishing the commercial reasonableness of every aspect of the disposition of the collateral (Uniform Commercial Code, § 9-504, subd [3]; *General Elec. Credit Corp. v Durante Bros. & Sons*, 79 AD2d 509). Where factual issues exist as to the commercial reasonableness of any aspect of the sale, summary judgment must be denied (*National Bank of Delaware County v Gregory*, 85 AD2d 839). The authorities are split as to whether commercial reasonableness turns on the actual procedures employed or whether the prime objective is optimizing the resale price (*Bankers Trust Co. v Dowler & Co.*, 47 NY2d 128, 135), but even under the procedure test, where the mere fact that a better price could have been obtained is insufficient to establish a lack of commercial reasonableness, evidence of a wide or marked discrepancy between sale and disposal prices will be sufficient to defeat a creditor's motion for summary judgment (*Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.*, 81 AD2d 168, 185, mot for lv to app dsmd 55 NY2d 747). Here, plaintiff purchased the vehicle for $5,057.58 and defendant disposed of the vehicle some 16 months later for $1,750. Moreover, the book value of the vehicle at the time it was resold by defendant was $3,675. Defendant contends that the vehicle was in poor condition, but in our view that simply presents a question of fact for trial. We note that even if it is ultimately determined that not every aspect of defendant's sale of the vehicle was commercially reasonable, defendant will not be deprived of its deficiency judgment, but rather it will then have to prove at trial the debt, the fair market value of the security and the resulting deficiency (*Flickinger Co. v 18 Genesee Corp.*, 71 AD2d 382, 385; see, also, *General Elec. Credit Corp. v Durante Bros. & Sons*, 79 AD2d 509, *supra*). Accordingly, there must be a trial to determine whether the price obtained by defendant was

commercially reasonable and, if not, whether defendant nevertheless is entitled to a deficiency judgment.

The order should be modified, on the law, by reversing so much thereof as denied defendant's motion to dismiss the complaint, and the motion granted, and, as so modified, affirmed, without costs.

MAHONEY, P. J., SWEENEY and WEISS, JJ., concur with CASEY, J.; LEVINE, J., concurs in the result only.

Order modified, on the law, by reversing so much thereof as denied defendant's motion to dismiss the complaint, and motion granted, and, as so modified, affirmed, without costs.