OPINION OF THE COURT
Harold J. Hughes, J.
The defendant moves for an order: (1) dismissing the action for lack of proper service and defective notice; (2) compelling plaintiff to accept defendant’s notice of appearance and retainer; and (3) staying plaintiff from taking any proceedings to enter or enforce a default judgment.
Plaintiff is a corporation engaged in preparing income tax returns for individuals for a fee. Defendant alleges that she contacted plaintiff’s president, Gary H. Schatsky, to inquire about the cost of having her 1984 personal income tax returns prepared by his corporation. Schatsky gave an oral estimate of $175 to $250. Defendant retained the plaintiff. She alleges that it took plaintiff six months to complete her tax returns and when the returns were delivered they were prepared in a nonprofessional manner. The court has examined the returns annexed to the motion and notes that the returns are in longhand, rather than typed, rendering them somewhat illegible and giving credence to defendant’s claim of unprofessional quality.
On February 14, 1986 plaintiff sent defendant a bill for preparing her 1984 Federal and State tax returns in the amount of $500, stating that the work took 8% hours, at a rate of $65 per hour. Subsequent invoices followed, adding a $10 per month service charge. On May 10, 1986, defendant wrote to Mr. Schatsky reminding him of his oral estimate, complaining of the quality of his work, and enclosing a check in the amount of $150 in full payment for the preparation of the tax returns. On July 11, 1986 Mr. Schatsky sent the defendant a letter which stated:
"I am disappointed with your lack of responsibility in respect to my outstanding bill for services rendered. As addressed in four previous bills and a letter dated June 18th, *843 1986 — I am willing to accept $380.60 as full payment of your account.
"In the event I do not receive this sum within fifteen days— I will be forced to instruct my attorney, Mr. Paul W. Van Ryn, to commence a law suit against you. This suit will be for the full balance due plus court costs, attorney fees, and interest — and could easily cost you more than twice the original sum.
"In order to avoid the need for litigation and additional costs to you, please submit your payment immediately.”
On August 4, 1986, defendant was served with a summons with notice commencing an action in Supreme Court for $433.47. The summons with notice failed to advise the defendant that she had to appear within 20 days if she was personally served, and instead advised here that she had 30 days to appear where service was made in a manner other than personal service. Defendant turned the summons with notice over to her attorney who mailed a notice of appearance and demand for a complaint to plaintiff’s counsel within the 30 days set forth in the notice. The notice of appearance was rejected, resulting in this motion.
While a summons need no longer state the time within which an appearance must be made (CPLR 305), an incorrect statement of the time to appear contained in a summons is an irregularity which, while curable on motion (Long Is. Garage Door Co. v Stafford, 53 Misc 2d 568), would not support the entry of a default judgment when the defendant appeared within the erroneous time set forth in the summons. The summons in this action would lead a reasonable person to believe that he had 30 days to appear, even though the law actually provides for 20 days (CPLR 320). Consequently, the defendant was not in default at the time her notice of appearance was mailed to plaintiff’s attorney.
Turning to the merits of the action, the court is disturbed by the tactics employed by plaintiff’s president. In particular, Mr. Schatsky’s letter of July 11, 1986 threatens the defendant with a suit for attorney’s fees in the event she does not immediately pay the amount allegedly due. A creditor has no right to have his attorney’s fee paid by the debtor unless a statute or a contract between the debtor and creditor specifically so provides (Citibank v Galor Constr. Co., 60 AD2d 667). General Business Law article 29-H prohibits improper debt collection practices and in section 601 provides "No principal *844 creditor * * * shall * * * 2. Knowingly collect, attempt to collect, or assert a right to any collection fee, attorney’s fee, court cost or expense unless such charges are justly due and legally chargeable against the debtor; or * * * 8. Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist”. A violation of the statute is a misdemeanor (General Business Law § 602), and gives rise to a private lawsuit for damages sustained by the debtor (Kohler v Ford Motor Credit Co., 112 Misc 2d 480, mod on other grounds 93 AD2d 205; cf. Lane v Marine Midland Bank, 112 Misc 2d 200). It appears that Mr. Schatsky violated section 601 by threatening a debtor with a right (collection of attorney’s fees) which, from this record, does not appear to exist. Plaintiff has not produced a contract whereby defendant agreed to pay attorney’s fees, or referred to the court any statute authorizing the recovery of attorney’s fees.
This record warrants the defendant being awarded motion costs (CPLR 8106) in the statutory amount of $20 (CPLR 8202), together with disbursements on the motion for all defendant’s reasonable and necessary expenses in making the motion (CPLR 8301 [b]), except attorney’s fees. The disbursements may include any charges made by the court as a prerequisite to the making of a motion, such as the charge for obtaining an index number or requesting judicial intervention. Additionally, the disbursements may include the typing and photocopying expense incurred in preparing the motion papers for the motion hearing (see, CPLR 8301 [a] [6]).
The motion of the defendant will be granted, with $20 motion costs and disbursements, to the extent of directing plaintiff to accept the defendant’s notice of appearance and retainer provided that notice of appearance and retainer is reserved upon plaintiff within 20 days after the date of this decision.