■ EUROPEAN AMERICAN BANK, Respondent, v ARNOLD KAHN et al., Appellants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), dated March 14, 1990, which granted

plaintiff's motion for partial summary judgment to the extent of finding defendants liable on each cause of action, directing an assessment of damages and dismissing defendants' affirmative defenses and counterclaims with prejudice, is unanimously modified, upon the law and the facts, to the extent of denying the plaintiff's motion with respect to the second counterclaim, reinstating that portion of the answer, but as a partial affirmative defense only in mitigation of damages upon an assessment thereof, and otherwise affirmed, without costs.

This is an action on three defaulted promissory notes payable on demand and the guarantee of payment thereof. Plaintiff European American Bank ("EAB") is seeking to recover against the makers of the notes, defendants Arnold Kahn ("Kahn") and Dennis J. Sturtz ("D. Sturtz") and the guarantor, defendant Richard S. Sturtz ("R. Sturtz"). On or about December 6, 1982, R. Sturtz executed an unlimited guarantee to pay the obligations of Kahn and/or D. Sturtz owed to EAB. R. Sturtz "absolutely and unconditionally guarantee[d] to [EAB] the prompt payment of claims of every nature and description of [EAB] against [Kahn and D. Sturtz] * * * whether now existing or hereafter incurred". No expiration date was specified in the guarantee. Kahn and D. Sturtz jointly executed promissory notes payable on demand to EAB dated December 28, 1983 and February 4, 1984 in the amounts of $196,355 and $308,698, respectively. These notes were incurred to provide financing for an auto leasing business in Florida. Kahn and R. Sturtz each held twenty-five percent (25%) of the corporation's shares, as of December 6, 1982, and served as officers and directors until their resignations on December 13, 1984. In addition to the guarantee of R. Sturtz, these two notes were also guaranteed by other principals in the Florida business, Ronald Mann and Sidney Mann, each also twenty-five percent (25%) shareholders and the three corporations involved in the business—Airport Auto Leasing, Inc., Jomar Leasing Corp., and Sid-Mar Enterprises, Inc. EAB obtained the certificates of title for a (disputed) number of automobiles used in the Florida leasing business as security for these loans. The business retained possession of the autos and continued to lease them. Lastly, Kahn executed a $25,000 unsecured demand consumer note, dated April 9, 1984, payable to EAB.

For a period of time the notes were apparently duly paid. However, in 1985 the business began to encounter financial difficulties. By letter dated June 18, 1985 to EAB, Kahn requested that the principal of the loan be reduced by de-

manding the notes and selling the collateral (automobiles). Kahn, et al., wanted to be involved in the sale to avoid a loss because of an "auction block approach at a later date" when the automobiles would be older and of less value. Apparently no action was taken by EAB until August 14, 1986 when it made demand for payment of the first and second notes upon the defendants.

Upon defendants' default EAB commenced an action in Florida against the defendants herein and Airport Auto Leasing, Inc., Jomar Leasing Corp., Sid-Mar Enterprises, Ronald Mann and Sidney Mann seeking payment, possession of the collateral for sale and a deficiency judgment for amounts not satisfied by the sale of the automobiles. Payment of the April 9, 1984 note executed by Kahn was also sought.[1] By order dated November 14, 1986, the Florida court ordered that twelve (12) automobiles be turned over to EAB by defendants. By agreement of the parties a total of twenty-six (26) automobiles were actually sold in December 1986 for a reported total of $29,081. From this amount $11,452.50 was deducted by plaintiff for costs, yielding net proceeds of $17,628.50 to be applied to the balance due. By order dated April 17, 1987, the Florida court without explanation, *inter alia,* denied without prejudice EAB's motion for the immediate surrender of additional collateral.

Subsequently, defendants herein sought dismissal of the Florida action on grounds that the Florida court lacked *in personam* jurisdiction over them because they were New York residents. EAB then commenced the instant action and voluntarily dismissed the Florida action as to those defendants. By motion dated February 11, 1988, EAB requested that the Florida court stay proceedings against the remaining defendants pending resolution of the New York action. The record does not indicate the outcome of that motion.

The complaint herein alleges that defendants owe $99,056.92 plus interest on the first note and $308,698 plus interest on the second note together with attorneys' fees as provided in the notes and guarantee. It is additionally alleged that defendant Kahn owes $10,018.26 plus interest and attorneys' fees on the third note. The answer sets forth the following affirmative defenses: (1) improper demand; (2) failure properly to credit payments; (3) release of R. Sturtz by altering the terms of the obligation; and (4) waiver as to Kahn on

---

1. However, demand for this third note was not made until September 15, 1987.

his consumer note. Two counterclaims were also asserted. The first seeks $200,000 in damages allegedly resulting from plaintiff's failure properly to dispose of collateral in that of eighty-two (82) collateralized automobiles, plaintiff took possession of and sold only thirty-two (32). The second seeks approximately $99,000 in damages allegedly resulting from EAB's failure to act in a commercially reasonable manner with respect to the disposition of the automobiles sold in that defendants did not receive notice of the manner by which the automobiles were to be auctioned and that they were sold for substantially less than their worth.

Plaintiff moved for summary judgment on the causes of action pertaining to the debt owed (first, second, fourth and sixth), summary judgment as to liability only on the claims for attorneys' fees (third, fifth and seventh) and for dismissal of defendants' counterclaims. The IAS court granted partial summary judgment as to liability on the entire complaint, ordered that a hearing be held to assess damages and attorneys' fees and dismissed the counterclaims. The IAS court found that the first two notes expressly waived the right to interpose any defense or counterclaim and that the guarantee waived the right to any counterclaim. The contention that R. Sturtz was not liable because the notes were executed after the guarantee and that he had been discharged from this debt by virtue of his resignation as an officer and director in 1984 was rejected in light of the unequivocal, unconditional, non-expiring (except by agreement of the parties) terms of the guarantee. In addition, the IAS court relied upon a provision in the guarantee that stated plaintiff "shall not be liable for failure to collect or realize upon * * * Collateral Security, or any part thereof, or for any delay in so doing, nor shall [EAB] be under any obligation to take any action whatsoever with regard thereto." Therefore, the motion court rejected defendants' commercial unreasonableness claim, finding that there was no triable issue of fact raised by the allegation that EAB failed to sell all of the collateralized automobiles. The motion court also stated that defendants had presented no evidence to support their claim that the auction should have generated greater proceeds or that expenses should have been less. This appeal followed.

We agree with defendants that there are triable issues of fact concerning the commercial reasonableness of plaintiff's disposition of the collateral. These triable issues include, but are not limited to, whether due notice of the auction was given to defendants, whether the amounts obtained were

adequate under the circumstances and whether the cost of the disposition of the collateral was excessive.

Moreover, we find that plaintiff's compliance with Uniform Commercial Code § 9-504, which plaintiff has the burden of establishing, bears upon the assessment of damages but does not as a matter of law bar the grant of partial summary judgment as to liability based upon the facts herein. *(General Elec. Credit Corp. v Durante Bros. & Sons,* 79 AD2d 509 [1980].) Therefore, the second counterclaim is reinstated as an affirmative defense and the motion court's order dismissing same is accordingly modified.

There is no merit to defendants' contention that their liability was discharged by virtue of EAB's alleged impairment of the collateral (UCC 3-606). The collateral that was seized was sold. The defendants successfully opposed EAB's efforts to obtain the remaining collateral in the Florida court.[2] Furthermore, UCC 3-606 has no application to the guarantee. *(Chemical Bank v PIC Motors Corp.,* 87 AD2d 447, 451, *supra, affd* 58 NY2d 1023 [1983].) Moreover, the guarantee permissibly provided that EAB had no obligation to resort to the collateral at all. *(Chemical Bank v PIC Motors Corp., supra.)* Defendants' reliance upon *Executive Bank v Tighe* (66 AD2d 70 [1978]) to support their contention that the consent or waiver in the guarantee as to the secured party's duty to act with due diligence and reasonable care vis-a-vis the collateral is misplaced. The Court of Appeals modified that decision, specifically holding, *inter alia,* that the failure of the secured party to perfect its security interest did not affect the guarantor's liability in light of the provisions within the guarantee that permitted the bank to reduce or release collateral. *(Executive Bank v Tighe,* 54 NY2d 330, 338 [1981].) Therefore, the first counterclaim was properly dismissed.

Defendants' remaining contention that there is an issue of fact as to whether plaintiff's motion to stay prosecution of its claims against the Florida co-guarantors constitutes a discharge or release from liability for the defendants herein is without merit. Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

2. The fact that plaintiff did not obtain possession of the remaining automobiles, given defendants' affirmative action to prevent seizure, also defeats defendants' argument that plaintiff breached its duty under UCC 9-207 to exercise reasonable care in the custody and preservation of collateral whereby a decline in value was realized. *(See, Chemical Bank v PIC Motors Corp.,* 87 AD2d 447, 452 [1982].)