OPINION OF THE COURT
Richard F. Braun, J.
This is an action for services rendered, and an account stated. Defendant asserts two counterclaims for damages. Plaintiff moves for summary judgment; and dismissal of defendant’s counterclaims, or, in the alternative, severance of the counterclaims. Defendant cross-moves for summary judgment on its second counterclaim; and dismissal of the complaint, or, alternatively, severance of the complaint and the first counterclaim.
Although plaintiff does not limit its motion for summary judgment in its notice of motion, it only asks for such relief as to the account stated cause of action in its memorandum of law, and affirmation in opposition and reply. In any event, it does not demonstrate its entitlement to summary judgment on its services rendered cause of action.
There is no dispute that defendant paid $1,000 in January 1990 towards its bill from plaintiff. This payment created an account stated. (See, Parker Chapin Flattau & Klimpl v Daelen Corp., 59 AD2d 375, 378 [1st Dept 1977].) This is not affected by the assertion of the president of defendant that the payment was made by defendant upon the allegedly unfulfilled representation of the director of credit and collections of plaintiff to correct "the prior billing” and find a video tape master. Those other matters are not relevant to the account stated. The account stated was in the amount of $2,112.50. As to the allegation of the creation of an account stated on an earlier date than January 1990, plaintiff does not assert in a nonconclusory fashion that any statements of account before that date were sent to and received by defendant. (Cf., Fink, Weinberger, Berman & Lowell v Petrides, 80 AD2d 781 [1st Dept 1981] [allegations regarding objections to an account stated were insufficient where there were no assertions as to when telephone calls were made, to whom they were made, or the substance of the calls].)
The first counterclaim does not state a cause of action. The counterclaim alleges that plaintiff had a collection agency "call and bother, annoy and harass defendant”, which caused *667 defendant to expend its "time, energy, effort and money in attempting to resolve the billing mistake.” This relates to a prior contract between the parties. Harassment is not a cognizable claim under New York State common law. (Levine v Costanzo, NYLJ, Nov. 1, 1991, at 21, col 4 [App Term, 1st Dept]). General Business Law § 601 prohibits certain debt collection practices regarding consumer obligations of natural persons. Defendant is a commercial corporation. Thus, its claim is not a consumer claim, pursuant to General Business Law § 600 (1). Therefore, that provision does not apply here, even if there is a private right of action under General Business Law § 601. (See, Kohler v Ford Motor Credit Co., 93 AD2d 205 [3d Dept 1983]; I.F.C. Personal Money Mgrs. v Vadney, 133 Misc 2d 841, 844 [Sup Ct, Albany County 1986]; but see, Lane v Marine Midland Bank, 112 Misc 2d 200, 202 [Sup Ct, Erie County 1982].) No recognizable cause of action is articulated by defendant in its first counterclaim. The affidavit of defendant’s president does not save the counterclaim. (See, Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976].) The counterclaim must be dismissed.
Defendant’s second counterclaim is based on plaintiff’s failure to return a video master. The counterclaim is stated to be for breach of contract or negligence, although the counterclaim also sounds in conversion. Plaintiff attempts to raise a Statute of Limitations defense to defendant’s second counterclaim. Plaintiff has waived its right to assert the Statute of Limitations as a defense to defendant’s second counterclaim. The Statute of Limitations is an affirmative defense. (CPLR 3018 [b].) Under CCA 907 (a), a plaintiff need not reply to a counterclaim in an action in Civil Court, but may do so within 10 days of the date of service of an answer which contains a counterclaim, if the plaintiff desires. Pursuant to CCA 907 (a), if a plaintiff does not reply to a counterclaim, the counterclaim is deemed to be generally denied. A party may move to dismiss a cause of action based on the Statute of Limitations, pursuant to CPLR 3211 (a) (5), at any time before service of the responsive pleading is required. (CPLR 3211 [e].) Therefore, within 10 days of service of the answer, a plaintiff must either raise a Statute of Limitations defense in a reply to a counterclaim contained in an answer in a Civil Court action, or move to dismiss the counterclaim based on such ground. Here, plaintiff did neither within 10 days. Thus, by operation of law, plaintiff is deemed to have interposed a reply to the counterclaim consisting of a general denial and to have *668 waived its defense of Statute of Limitations. (See, CPLR 3211 [e]; see also, Weisner v Weisner, 18 AD2d 997 [1st Dept 1963].) Plaintiff could have avoided this waiver by replying to the counterclaim and asserting its purported Statute of Limitations defense in such a reply.
Furthermore, to the extent that the second counterclaim is for breach of contract, that claim has a six-year Statute of Limitations. (CPLR 213 [2].) That time period has not run here.
Defendant’s president asserts that the video tape master which is the subject of the second counterclaim was given to plaintiff and never returned by plaintiff, although defendant demanded a return of the video tape master. Plaintiff does not deny this. However, defendant does not prove its damages on the second counterclaim.
Therefore, plaintiff is awarded summary judgment against defendant on the account stated cause of action in the amount of $2,112.50, plus interest from January 15, 1990, costs, and disbursements; and the clerk of this court is directed to enter judgment to that effect. The first counterclaim is dismissed. Plaintiff’s cause of action for services rendered, and the second counterclaim are severed. Defendant is awarded summary judgment on its second counterclaim against plaintiff only as to liability.