■ CHRYSLER CREDIT CORPORATION, Appellant, v DIOGUARDI JEEP EAGLE, INC., et al., Respondents. [596 NYS2d 230] —Order

unanimously reversed on the law without costs, motion granted in part and cross motion denied. Memorandum: Pursuant to capital loan and security agreements and a promissory note executed by defendant Dioguardi Jeep Eagle, Inc. (Jeep Eagle), plaintiff agreed to extend financing, at its discretion, to Jeep Eagle, enabling it to purchase motor vehicles under a floor plan financing arrangement for resale to the public. Jeep Eagle's obligations thereunder were personally guaranteed by defendants Thomas and Joyce Dioguardi. In addition, plaintiff obtained duly filed security interests in the property of Jeep Eagle. Thereafter, Jeep Eagle defaulted on its obligations, and plaintiff brought this action against Jeep Eagle, seeking $630,000 for breach of the security agreements, and against all defendants seeking $592,000 for breach of the floor plan financing and capital loan agreements and upon the Dioguardis' personal guarantees. In their answer, defendants asserted four affirmative defenses and counterclaims, alleging that plaintiff had breached its implied duty of good faith and fair dealing and had violated the Franchised Motor Vehicle Dealer Act (Vehicle and Traffic Law §§ 460-471 [Dealer Act]).

Plaintiff moved to dismiss the affirmative defenses and counterclaims and for summary judgment. Defendants cross-moved for leave to amend their answer and submitted a proposed amended answer, asserting eight affirmative defenses and counterclaims. Supreme Court denied plaintiff's motion and granted defendants' cross motion.

Supreme Court should have granted plaintiff's motion to dismiss the affirmative defenses and counterclaims in the original answer. Although an obligation of good faith and fair dealing is implied in every contract *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, *cert denied* 410 US 931), that obligation may not be implied when it would be inconsistent with other terms of the contract between the parties *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304; *see also, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 15-16). Jeep Eagle's agreements with plaintiff gave plaintiff the sole discretion to continue to extend financing. Plaintiff had no obligation to do so, particularly in light of Jeep Eagle's default and its declining financial situation. A financing institution does not act in bad faith when it exercises its contractual right to terminate financing *(Gillman v Chase Manhattan Bank, supra).* Thus, the affirmative defenses and counterclaims based on breach of an implied duty of good faith and fair dealing are

meritless. In addition, the affirmative defenses and counterclaims based upon alleged violations of the Dealer Act must be dismissed because plaintiff, a financing company having no franchise agreement with Jeep Eagle, is not an entity subject to suit under the Dealer Act (see, Vehicle and Traffic Law §§ 460, 462 [8]; § 469).

Additionally, Supreme Court should not have granted defendants leave to serve an amended answer. Although leave to amend should be freely granted (CPLR 3025 [b]), such relief should not be granted where, as here, the proposed pleading is insufficient on its face (see, Andersen v University of Rochester, 91 AD2d 851, 852). The first five affirmative defenses and counterclaims of the proposed amended answer are all premised on breach of an implied duty of good faith and fair dealing and a violation of the Dealer Act, none of which, for the reasons discussed, may be maintained. The proposed sixth affirmative defense and counterclaim based upon fraud is insufficient on its face because defendants have failed to set forth in detail the alleged fraudulent representations (see, CPLR 3016 [b]; Barclay Arms v Barclay Arms Assocs., 144 AD2d 287, affd 74 NY2d 644). The existence of a contractual relationship between the parties, by itself, created no fiduciary duty and, therefore, the proposed seventh affirmative defense and counterclaim is insufficient on its face. Finally, the proposed eighth affirmative defense and counterclaim, based upon prima facie tort, is also insufficient on its face because defendants have failed to allege that plaintiff acted solely out of disinterested malevolence (see, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333; Christopher Lisa Matthew Policano v North Am. Precis Syndicate, 129 AD2d 488, 489-490).

Although plaintiff obtained possession of the collateral by court order, it was not required to dispose of the collateral before commencing this action (see, Chemical Bank v Alco Gems Corp., 151 AD2d 366). The only remaining issues of fact concern whether retention of the collateral was commercially reasonable (see, First Intl. Bank v Blankstein & Son, 59 NY2d 436) and whether there is a deficiency. Thus, plaintiff is entitled to partial summary judgment on the issue of liability (see, Chrysler Credit Corp. v Mitchell, 94 AD2d 971; General Elec. Credit Corp. v Durante Bros. & Sons, 79 AD2d 509; see also, Telmark, Inc. v Lavigne, 124 AD2d 1055). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.