OPINION OF THE COURT
Richard F. Braun, J.
This is an action for damages based on the alleged misuse of a restraining notice by defendants. Defendant Arthur Halpern (Halpern) is the attorney for defendant Claudio Titone (Titone) on whose behalf the former issued the restraining notice, which restrained plaintiffs’ bank account with defendant Citibank, N. A; Defendants Halpern and Titone move to strike this action from the Trial Calendar, dismiss this action, or require that each plaintiff give $200 security for costs and stay this action until plaintiffs do so. This action has a date scheduled in the Trial Assignment Part of Civil Court, New York County.
Plaintiffs served on defendants’ attorneys a note of issue, dated July 13, 1995. On August 1, 1995, defendant Halpern brought this motion on behalf of both himself and defendant Titone. Their contentions are that the note of issue is the wrong form, its allegations are inaccurate, and a bill of particulars and deposition are needed by defendants Halpern and Titone.
In order to place an action on the Trial Calendar in Supreme Court, a note of issue and certificate of readiness must be served and filed (CPLR 3402 [a]; 22 NYCRR 202.21). In *595 the Civil Court of the City of New York, the equivalent is a notice of trial and certificate of readiness for trial (CCA 1301; 22 NYCRR 208.17 [a], [f]). All of the specifics of those provisions that are required for a notice of trial and certificate of readiness for trial were included in the particular note of issue that plaintiffs served and filed here.[1] Although plaintiffs committed a fairly common error in using a note of issue form to calendar an action for trial in Civil Court, rather than a notice of trial, "form” will not be exalted literally over substance. Compliance with the Civil Court rules has occurred, and in no way were defendants Halpern and Titone prejudiced. Thus, this court will exercise its discretion under CPLR 2001 and 2101 (f), and disregard the defect. Furthermore, there is no showing that defendants Halpern and Titone rejected the improper form within two days after its receipt. Thus, the defect is deemed waived, pursuant to CPLR 2101 (f), and no request was made, pursuant to CPLR 2004, to extend the time to reject the form (see, Ft. Holding Co. v Otero, 157 Misc 2d 834, 836 [Civ Ct, NY County 1993]).
The second argument by defendants Halpern and Titone is that, because plaintiffs did not reply to the counterclaim of defendant Citibank, N. A., the assertion in the certificate of readiness that all pleadings have been served is not true. The contention is wrong. Although there may be negative consequences to a plaintiff who does not reply to a counterclaim in Civil Court, a reply to a counterclaim in Civil Court is optional, and, if not replied to, the counterclaim is deemed denied (CCA 907 [a]; CBS Inc. v Arcane Visuals, 156 Misc 2d 665, 667-668 [Civ Ct, NY County 1993]).
This action was commenced on or about August 22, 1994. The demand for verified bill of particulars, dated July 21, 1995 (Demand), and the notice to take deposition upon oral examination, dated July 20, 1995 (Notice), by defendants Halpern and Titone are dated after the July 13, 1995 note of issue, and plaintiffs’ attorney states that the Demand and Notice were served after the service of the note of issue. There were no other demands for a bill of particulars or discovery. Thus, plaintiff is correct that the assertions in the certificate of readi *596 ness were accurate at the time when it was prepared that a demand for a bill of particulars had been waived, that known discovery proceedings were completed, and that there were no outstanding discovery requests.[2]
The dismissal request is based on this court’s allegedly lacking subject matter jurisdiction due to plaintiffs’ failure to include in their summons their residential address(es), as required by CCA 401 (b). Plaintiffs did not do so. However, the answers of defendants Halpern and Titone both raise this ground as their first affirmative defense. Thus, the motion to dismiss must be denied, because the proper motion is for summary judgment based on the defenses (Rich v Lefkovits, 56 NY2d 276 [1982]). Furthermore, this court could disregard such an omission, pursuant to CPLR 2001, especially since plaintiffs give partial addresses in their complaint.
Although not raised in their notice of motion, in violation of CPLR 2214 (a), defendants Halpern and Titone also move to dismiss this action on the ground that plaintiffs may not bring this plenary action for damages, but rather should have proceeded against the restraining notice under CPLR 5239 and 5240. Again, this contention was raised in the answers of defendants Halpern and Titone as their third affirmative defense, and thus a motion to dismiss does not lie (Rich v Lefkovits, supra).
In their complaint, plaintiffs do state that they are residents of New Jersey. Nowhere are those assertions modified. Thus, defendants Halpern and Titone are entitled to have this court order that plaintiffs give security for costs, and that all proceedings be stayed in this action until plaintiffs do so, pursuant to CPLR 8501 (a); 8502 and 8503, and CCA 1900.
Therefore, the motion should be granted to the extent that each plaintiff must give an undertaking in the amount of $200 as security for costs in this action, and, until compliance with this court’s order occurs, all proceedings in this action should be stayed, expept any proceeding to review or vacate this court’s order. The motion otherwise must be denied.

. 22 NYCRR 208.17 (a) requires that a notice of trial include the index number of the action; the name, address, and telephone number of each party’s attorney and of any pro se party, who has appeared; and the name of any insurance carrier acting for a party. The certificate of readiness pursuant to 22 NYCRR 208.17 (f) must contain the substance of eight items, all of which are also enumerated in the 12 items of 22 NYCRR 202.21.

. At oral argument of this motion, the attorneys for the parties stipulated that if this court did not dismiss this action or strike it from the Trial Calendar, a bill of particulars would be furnished, and a deposition would take place.