■ 124 IN-TO-GO CORP., Appellant, v ROUNDABOUT THEATRE COMPANY, INC., Defendant, and 1133 BUILDING CORP. et al., Respondents. [698 NYS2d 31] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered July 12, 1999, which, to the extent appealed from, granted defendants-respondents' motion for summary judgment on plaintiff's first and sixth causes of action, granted defendants-respondents' holdover petition, declared the subject lease terminated, awarded defendants-respondents immediate

possession of the premises and ordered that a warrant of eviction issue for the removal of plaintiff and all other parties named as respondents in the holdover petition, unanimously affirmed, without costs.

The lease provision limiting plaintiff's remedy to a plenary action for consequential damages is enforceable (*see*, *Daily News v Rockwell Intl. Corp.*, 256 AD2d 13, *lv denied* 93 NY2d 803), and the disposition on appeal allows plaintiff the unfettered option to proceed on its claim for damages. In any event, plaintiff had no enforceable expectation that defendant landlord would act in good faith in exercising its absolute right of termination (*see*, *e.g.*, *Chrysler Credit Corp. v Dioguardi Jeep Eagle*, 192 AD2d 1066). Because plaintiff must be given 90 days' notice of termination, the agreement is not void for lack of mutuality (*cf.*, *Dorman v Cohen*, 66 AD2d 411, 419), and, in any event, plaintiff performed pursuant to the agreement for years, remedying the purported lack of mutuality by its conduct (*see*, *e.g.*, *Ferguson v Ferguson*, 97 AD2d 891). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, J. P., Tom, Andrias and Buckley, JJ.