■ NATIONAL BANK OF DELAWARE COUNTY, Appellant, v WAVIE GREGORY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered March 10, 1981 in Delaware County, which denied

plaintiff's motion for summary judgment. Plaintiff bank commenced this action to recover a judgment for the deficiency remaining upon a promissory note executed by defendant's son, which loan defendant had guaranteed. Plaintiff had repossessed a tractor given as security, and sold it for $8,500 at public auction. Special Term denied plaintiff's motion for summary judgment, holding that triable issues of fact as to the "commercial reasonableness" of the sale were raised by defendant's opposing papers. We affirm. Issue finding, rather than issue determination, is the key to the procedure upon a summary judgment motion (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). To grant summary jugment, it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons v City of New York,* 301 NY 118). Defendant has placed in issue the "commercial reasonableness of the sale" (Uniform Commercial Code, § 9-504, subd [3]), which then required plaintiff to sustain the burden of proof to show compliance with the statutory requirements (*General Elec. Credit Corp. v Durante Bros. & Sons,* 79 AD2d 509). Whether advertising the sale in trade publications and notifying area dealers would have produced higher bids; whether resale by the successful bidder at almost double the price is evidence of lack of commercial reasonableness; whether advertisement of special features contained in the tractor would have produced higher bids; and, whether conducting the sale at a truck dealer's place of business would have produced higher bids, are all issues requiring a trial on the question of whether the " '*method, manner, time, place and terms*' " of the disposition were " '*commercially reasonable*' " (*Central Budget Corp. v Garrett,* 48 AD2d 825). The existence of these triable issues of fact precludes summary judgment (*Security Trust Co. of Rochester v Thomas,* 59 AD2d 242). Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.