HORIZON SAVINGS, Appellee,

v.

WOOTTON et al., Appellants.

[Cite as *Horizon Savings v. Wootton* (1991), 73 Ohio App.3d 501.]

Court of Appeals of Ohio,
Medina County.

No. 1960.

Decided May 8, 1991.

*Scott H. Schooler,* for appellee.

*Lawrence J. Courtney,* for appellants.

QUILLIN, Presiding Judge.

Defendants-appellants, Faye and Arthur Wootton, appeal from the trial court's order granting summary judgment in favor of plaintiff-appellee, Horizon Savings ("Horizon"), in Horizon's action asserting a deficiency judgment against the Woottons. We reverse.

The Woottons received a loan from Horizon in order to purchase a 1987 Oldsmobile 98 Regency automobile. As a condition of the loan, the Woottons gave Horizon a security interest in the automobile until the loan was paid in full.

Horizon repossessed the automobile when the Woottons failed to make timely payments on the loan. On March 8, 1990, Horizon sent a certified letter to the Woottons informing them that the automobile would be "offered for sale on March 12, 1990." However, the Woottons did not receive the letter until March 16, 1990. The automobile was actually sold on March 30, 1990.

Horizon filed this action to obtain a judgment against the Woottons for the amount still owing on the loan after the sale of the automobile. The Woottons answered by admitting the loan and the security agreement, but denying the balance of the complaint.

The Woottons and Horizon each filed motions for summary judgment. The trial court denied the Woottons' motion finding that Horizon, as a financial institution, was under no obligation to comply with the Retail Installment Sales Act, R.C. 1317.01 *et seq.* In addition, the trial court granted summary judgment in favor of Horizon. The trial court found that the Woottons admitted that Horizon's security interest was valid and that the Woottons

failed to set forth defenses concerning the loan and security interest. The Woottons now appeal.

## Assignment of Error

"The defendants say that the court erred as a matter of law in granting the plaintiff a summary judgment on their [*sic*] motion."

The Woottons contend that Horizon failed to establish either that the Woottons were reasonably notified of the sale of the automobile or that the sale was performed in a commercially reasonable manner.

R.C. 1309.47 applies to the disposition of repossessed collateral. *First Natl. Bank v. Turner* (1981), 1 Ohio App.3d 152, 153, 1 OBR 463, 464, 439 N.E.2d 1259, 1261. R.C. 1309.47(C) provides in part:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but *every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable.* Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, *reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor* if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases, notification shall be sent to any other secured party from whom the secured party has received, before sending his notification to the debtor or before the debtor's renunciation of his rights, written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale." (Emphasis added.)

Compliance with R.C. 1309.47(C), requiring the creditor to reasonably notify the debtor and to dispose of the collateral in a commercially reasonable manner, is a condition precedent to the recovery of a deficiency judgment. See *Bank One, Cleveland, N.A. v. Hicks* (Apr. 18, 1990), Medina App. No. 1811, unreported, 1990 WL 50025; *Liberty Bank v. Greiner* (1978), 62 Ohio App.2d 125, 132–133, 16 O.O.3d 291, 296–297, 405 N.E.2d 317, 323–324. The secured party has the burden of proof to show that reasonable notice was properly given. *Greiner, supra,* at 131, 16 O.O.3d at 295, 405 N.E.2d at 322–323. The burden is also upon the secured party to show that the disposition of

the collateral was conducted in a commercially reasonable manner. *Turner, supra,* 1 Ohio App.3d at 155, 1 OBR at 466–467, 439 N.E.2d at 1263; *Hicks, supra.* The requirement of a commercially reasonable sale and reasonable notice are related but independent. *Greiner, supra,* at 133, 16 O.O.3d at 296–297, 405 N.E.2d at 323–324.

By their motion for summary judgment the Woottons raised the issues of reasonable notice and commercially reasonable disposition of the automobile. Unfortunately, the Woottons cited R.C. 1317.16 as the controlling statute rather than R.C. 1309.47 which in fact applies. They did, however, cite *Huntington Natl. Bank v. Stockwell* (1983), 10 Ohio App.3d 30, 10 OBR 38, 460 N.E.2d 303, which refers to R.C. 1309.47(C). Horizon, rather than advising the court as to the proper statute which requires reasonable notice to the debtor and a commercially reasonable disposition, directed the court's attention only to the inapplicable statute.

■ Even if Woottons' motion for summary judgment was defective because of the reliance on an improper statute, it does not follow that Horizon's motion for summary judgment should have been granted.

■ It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597, paragraph two of the syllabus.

The notice sent to the Woottons was dated March 8, 1990 and stated:

"Please be advised that the above collateral will be offered for sale on March 12, 1990. All offers will considered. You will be liable for any deficiency balance remaining after the application of the net sale proceeds on your obligation.

"We reserve the right to bid or refuse to accept any bid and withdraw the collateral from the sale. A notice of sale will be published in a local newspaper on or prior to the sale date."

It is apparent that the notice does not exactly track R.C. 1309.47(C). Is this a notice of a public sale, or is the notice that there will be a private sale? See Annotation, Uniform Commercial Code: Failure of Secured Creditor to Give Required Notice of Disposition of Collateral as Bar to Deficiency Judgment (1974), 59 A.L.R.3d 401. Was the notice timely sent? See Annotation, Sufficiency of Secured Party's Notification of Sale or Other Intended Disposition of Collateral Under UCC Section 9–504(3) (1982), 11 A.L.R. 4th 241. Was the sale of the automobile done in a commercially reasonable manner?

Horizon takes the position that such issues are "irrelevant" because they were not raised as an affirmative defense by answer to the complaint. Horizon gives us no authority for that position. We have already noted that the burden of proof is on the secured party to establish both reasonable notice and commercially reasonable disposition. Horizon has not even attempted to support its assertion that the defendants must raise as an affirmative defense the issues of reasonable notice and reasonable disposition. On the other hand, there is respected authority to the contrary.

The Supreme Court of New Mexico, applying the Uniform Commercial Code, has said that a secured creditor, where suing for a deficiency, must allege and, unless admitted, must prove that the disposition of collateral was conducted in a commercially reasonable manner. The issue can be raised by a denial *Clark Leasing Corp. v. White Sands Forest Products, Inc.* (1975), 87 N.M. 451, 454, 535 P.2d 1077, 1080.

The Supreme Court of Nebraska, applying the Uniform Commercial Code, has said that a general denial raises the issue of commercially reasonable disposition of collateral, *First Natl. Bank of Bellevue v. Rose* (1972), 188 Neb. 362, 365, 196 N.W.2d 507, 510. See, also, *Natl. Bank of Delaware Cty. v. Gregory* (1981), 85 A.D.2d 839, 446 N.Y.S.2d 434.

Because the secured party has the burden of proof on the issues of reasonable notice and commercially reasonable disposition, we believe it is logical that the secured party must prove those issues when joined. A general denial is sufficient to join the issues.

There being genuine issues of material fact, we must sustain the assignment of error.

The judgment is reversed.

*Judgment reversed.*

CACIOPPO and REECE, JJ., concur.