■ FORD MOTOR CREDIT COMPANY, Respondent, v MILDRED HERNANDEZ et al., Appellants. [619 NYS2d 381] —Casey, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered March 17, 1993 in Montgomery County, which, *inter alia*, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Defendant Mildred Hernandez leased a Ford Crown Victoria vehicle in May 1985. The lease agreement was assigned to plaintiff. In December 1986, Hernandez defaulted on the monthly payments required under the lease and she voluntarily surrendered the vehicle to plaintiff in February 1987. All defendants received notice of the intended sale of the vehicle and the vehicle was sold at private auction and $5,050 was credited to Hernandez. Thereafter, plaintiff demanded payment of $6,040.50 plus interest, claiming that this was the difference between the balance due under the lease at the time the vehicle was surrendered to plaintiff and the proceeds from the sale.

When defendants failed to remit the requested payment, plaintiff commenced the instant action. After service of the pleadings, which included defendants' counterclaim and plaintiff's reply, plaintiff moved for summary judgment for the amount sought in the complaint. Supreme Court granted plaintiff's motion over defendants' opposition and denied defendants' motion for reconsideration and reargument. Defendants appeal from the order and judgment entered thereon.

In support of its motion for summary judgment, plaintiff made no prima facie showing that the vehicle was sold in a

commercially reasonable manner as required by UCC 9-504 (3). As the proponent of a motion for summary judgment, plaintiff was required to establish its entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Having failed to set forth any of the facts and circumstances surrounding the sale, plaintiff failed to satisfy a prerequisite to obtaining a deficiency judgment and is not entitled to summary judgment *(see, Mack Fin. Corp. v Knoud,* 98 AD2d 713, 714). Supreme Court, therefore, erred in granting judgment in plaintiff's favor on its complaint. Inasmuch as defendants' answer and counterclaim are based in part on the commercial reasonableness of the sale, Supreme Court also erred in dismissing the answer and counterclaim.

Defendants' claim that under UCC 9-505 (2) the debt was fully satisfied by the voluntary surrender of the vehicle is meritless. UCC 9-505 (2) is inapplicable where, as here, the collateral is sold pursuant to UCC 9-504. The portion of Supreme Court's order which denied defendants' motion for reconsideration and reargument is not appealable *(see, Matter of Groht v Sobol,* 198 AD2d 679, 680, *lv denied, lv dismissed* 83 NY2d 961) and, therefore, we will not consider defendants' arguments on that issue.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order and judgment are modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.