■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Respondent, v EUGENE A. ROMANO, Appellant. [676 NYS2d

163] —Order, Supreme Court, New York County (Walter Schackman, J.), entered December 21, 1995, which granted plaintiff's motion for summary judgment against defendant for the sum of $43,584.33 and severed the claim for attorneys' fees for a reference, unanimously affirmed, with costs.

Plaintiff, a lending institution, commenced this action to recover a deficiency that resulted after plaintiff sold defendant's interest in a cooperative apartment at a public auction. Defendant, who borrowed $41,800 from plaintiff to finance the purchase over six years before, had given plaintiff a security interest in the shares of stock issued to him by the cooperative corporation, as well as in the proprietary lease. When defendant failed to pay the monthly loan installments, a default was declared, upon proper notice to defendant, and payment of the entire indebtedness accelerated. Plaintiff thereafter sold the collateral pursuant to section 9-504 of the Uniform Commercial Code after proper notice to the public by advertising in a newspaper published in New York County and circulated in the area where the apartment is located. A third party was the highest bidder at $6,500 or 12% of the original purchase price for the shares allocated to the apartment. At the time, the total debt due plaintiff was $50,084.33. Thus, there is a $43,584.33 deficiency, for which the defendant is responsible.

In opposing summary judgment, defendant argued that a question of fact existed as to the commercial reasonableness of the sale of the cooperative shares, citing the significant discrepancy between the price he paid for the shares and the amount realized at auction. This Court has held that a significant discrepancy between the original purchase price and the sales price does not, by itself, create a triable issue of fact. (*Dougherty v 425 Dev. Assocs.*, 93 AD2d 438, 446.) As the record shows, plaintiff had an appraisal performed only a month and one-half before the auction, determining the fair market value of the shares of the cooperative apartment to be $8,000. Defendant has offered nothing to contradict this proof. Thus, the price realized, $6,500, represented 81% of the fair market value of the apartment. It has been held that bids ranging from as low as 30% (*see, e.g., Buttermark Plumbing & Heating Corp. v Sagarese*, 119 AD2d 540, *lv denied* 68 NY2d 607) and 37% (*see, e.g., Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400) of market value are not commercially unreasonable. Thus, in these circumstances, the sales price realized cannot, by itself, render the sale commercially unreasonable. No other issue of merit bearing on the question having been shown, we conclude that summary judgment was properly granted.

Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.