■ Leonia Bank PLC, Respondent, v Pentti J. K. Kouri, Appellant. [730 NYS2d 501] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered September 26, 2000, awarding plaintiff $10 million, plus prejudgment interest from commencement of the action, costs and disbursements, pursuant to an order, same court and Justice, entered September 12, 2000, which, in an action on a guaranty, granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant is the sole shareholder of a corporation (Borrower) whose debt to plaintiff on a 1993 promissory note in the principal amount of $27,500,000 was secured by Borrower's art collection, among other collateral. Defendant personally guaranteed the debt up to a limit of $10 million. After Borrower defaulted, the parties, including defendant, entered into an agreement, dated as of November 30, 1995, giving plaintiff the option to purchase the art from Borrower at specified prices, with the prices to be credited against the debt upon exercise of the option. Beginning two years after execution of the option agreement, plaintiff began exercising the option to purchase the art, and ultimately acquired the entire collection, the agreed aggregate valuation of which ($7,540,470), among

other collateral, was credited against the debt, leaving a total deficiency of approximately $43 million. Plaintiff subsequently commenced this action seeking to recover the amount of defendant's guaranty.

The motion court properly granted plaintiff summary judgment. The parties were entitled to set by agreement the standards by which to measure fulfillment of plaintiff's obligation to dispose of the art collateral in a commercially reasonable manner, so long as such standards were not manifestly unreasonable (UCC 9-501 [3]; 9-504 [3]; *Flickinger Co. v 18 Genesee Corp.*, 71 AD2d 382, 384-385). The option agreement's valuation of such collateral, based in part on a 1993 professional appraisal, is not manifestly unreasonable on its face and is not controverted by any competent evidence in the record. The fact that the art works were not acquired by plaintiff until at least two years after execution of the option agreement does not negate the reasonableness of the agreed valuation, since both debtor and creditor were protected against subsequent fluctuations in value. Borrower, which executed bills of sale transferring the art collateral to plaintiff, necessarily had notice of such transactions, and the option agreement did not require separate notice to defendant of an exercise of plaintiff's option thereunder (*see*, UCC 9-504 [3]). We have considered defendant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P, Mazzarelli, Ellerin, Saxe and Buckley, JJ.