DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Carmen Claudio, appeals from the judgment of the Lorain Municipal Court, which granted the motion for summary judgment of Appellee, Lance Acceptance Corporation. We reverse and remand for further proceedings.
 I. {¶ 2} On December 5, 2000, Claudio purchased a vehicle from JD Byrider, which was financed through a contract and security agreement with Appellee. Claudio subsequently defaulted on the loan, and Appellee repossessed the vehicle. On December 14, 2001, the vehicle was sold at a public sale.
 {¶ 3} On July 5, 2002, Appellee filed a complaint in the Lorain Municipal Court for a deficiency judgment, seeking $6007.27, plus interest, as due and owing on the contract. Claudio filed an answer, admitting that she fell behind in her payments and denying the remaining allegations. Claudio raised the defense that Appellee violated R.C.1309.614 and R.C. 1317.16 by failing to provide notification of the disposition of the vehicle. Thereafter, Appellee filed a motion for summary judgment. Claudio filed a brief in opposition, alleging that she did not receive notice of the sale as required and that Appellee had failed to comply with the federal Truth in Lending Act, subjecting Appellee to statutory damages. Appellee filed a reply. The trial court granted the motion for summary judgment, finding that Appellee complied with the notice provision and that Appellee did not violate federal Truth in Lending laws. This appeal followed.
 II. {¶ 4} We begin our analysis by noting the appropriate standard of review. An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 5} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Only after the movant satisfies this initial burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294.
 First Assignment of Error
"The trial court erred when it granted summary judgment to [Appellee] despite the absence of any affirmative proof that it notified Claudio of the intended sale of her repossessed car."
 {¶ 7} Claudio argues that the trial court erred when it granted summary judgment to Appellee because there were genuine issues of material fact as to whether Appellee notified Claudio of the pending sale as required by R.C. 1309.611(B). In essence, Claudio argues that Appellee failed to prove that it provided the required notice.
 {¶ 8} R.C. 1309.611(B) provides that a secured party who disposes of collateral under R.C. 1309.610 "shall send a reasonable authenticated notification of disposition" to the debtor. Appellant relies upon this Court's decision in Horizon Savings v. Wootton (1991), 73 Ohio App.3d 501, for the proposition that the burden is on the secured party to demonstrate that notice was properly given. However, Horizon Savings
dealt with notification requirements under former R.C. 1309.47(C), which was repealed in July, 2001, prior to the disposition of the collateral in this case. The current notification provisions can be found in R.C.1309.601, et seq.
 {¶ 9} R.C. 1309.626 provides:
"In an action arising from a transaction in which the amount of a deficiency or surplus is in issue, the following rules apply:
"(A) A secured party is not required to prove compliance with sections1309.601 to 1309.628 of the Revised Code relating to collection, enforcement, disposition, or acceptance unless the debtor or a secondary obligor places the secured party's compliance in issue.
"(B) If the secured party's compliance is placed in issue, the secured party has the burden of establishing that the collection, enforcement, disposition, or acceptance was conducted in accordance with sections1309.601 to 1309.628 of the Revised Code."
 {¶ 10} Accordingly, pursuant to the plain terms of the statute, Appellee did not have the burden of establishing reasonable notification unless and until Claudio placed the notification at issue. As a review of the record indicates, Claudio raised the issue of proper notification in her answer to Appellee's complaint. Thus, according to R.C. 1309.626, Appellee then had the burden to demonstrate compliance in collection, enforcement, disposition, or acceptance.
 {¶ 11} Notwithstanding the dictates of R.C. 1309.626, "[i]t is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings,73 Ohio App.3d at 504. As Appellee was the party moving for summary judgment, the burden was on it, as the moving party, to establish the absence of a genuine issue of material fact. Thus, we turn to Appellee's motion and the evidence it provided in support of its motion.
 {¶ 12} In support of its motion, Appellee provided copies of various documents and an affidavit of Karen Leighty, who is identified in the motion as the custodian of the records for Appellee. Leighty's affidavit states that "she has the custody and control of the records herein and makes the within Affidavit based upon his (sic) review of said records maintained in the ordinary course of business." It further states that "she has reviewed all exhibits attached to the Plaintiff's Brief in Support of its Motion for Summary Judgment and states to the best of her knowledge and belief that those exhibits are true and accurate copies of the purported documents." The exhibits appear to be photocopies of (1) a retail installment contract and security agreement, (2) a report labeled "Customer Ledger Report," and (3) a letter addressed to Claudio with a heading of "Notice of Sale." The affidavit does not identify how many documents are attached, nor does it specifically identify any documents by exhibit letter or number.
 {¶ 13} Claudio responded in opposition to the motion by arguing that the affidavit did not specifically reference or incorporate the documents, and, even if it did properly authenticate the attached documents, the affidavit and documents do not support the allegation that the notice was actually mailed to Claudio. Claudio further provided her own affidavit, in which she attested that she did not receive notice of the sale.
 {¶ 14} Appellee attached to its reply brief another photocopy of the "Notice of Sale," a photocopy of an envelope addressed to Claudio, and a document which appears to be a photocopy of the retail installment contract and security agreement. These documents were not accompanied by an affidavit that referenced or incorporated the documents.
 {¶ 15} Civ.R. 56(C) provides an exclusive list of materials, which the trial court may consider on a motion for summary judgment. Spier v.American Univ. of the Carribean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83,89; Robinson v. Springfield Local School Dist. Bd. of Edn. (Mar 27, 2002), 9th Dist. No. 20606, at 10-11. "[D]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." Mitchell v. Ross
(1984), 14 Ohio App.3d 75, 75.
 {¶ 16} In this case, while a document attached to Appellee's motion for summary judgment appears to be a letter addressed to Claudio with a heading of "Notice of Sale," it was not proper Civ.R. 56(C) evidence because it did not fit into one of the categories of evidentiary materials listed in Civ.R. 56(C) and it had not been incorporated and referenced in a properly framed affidavit pursuant to Civ.R. 56(E). Moreover, neither the document itself nor the affidavit provides a statement to the effect that the notice had actually been sent to Claudio.
 {¶ 17} We must also review the documents submitted in Appellee's reply brief in support of its motion for summary judgment. The envelope attached to Appellee's reply brief was not proper Civ.R. 56(C) evidence because it did not meet any of the categories of evidence listed in Civ.R. 56(C), and it had not been incorporated and referenced in a properly framed affidavit. Nevertheless, "if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." Christe v. G.M.S. Mgt. Co., Inc. (1997),124 Ohio App.3d 84, 90, reversed on other grounds (2000),88 Ohio St.3d 376.
 {¶ 18} Reply briefs are usually limited to matters in rebuttal, and a party may not raise new issues for the first time. "Otherwise, a litigant may resort to summary judgment by ambush." Hahn v. Wayne Cty.Children Services (May 9, 2001), 9th Dist. No. 00CA0029. However, we need not decide whether Appellee improperly raised new material or submitted non-Civ.R. 56(C) evidence in its reply brief because such evidence, even if it was considered by the trial court, did not demonstrate the absence of a genuine issue of material fact.
 {¶ 19} The photocopy of the envelope indicates that the envelope had been mailed via certified mail to "Carmen Claudio 2256 Lorain Dr." The remainder of the address is undecipherable. The envelope appears to be stamped "Return to Sender — Unclaimed." The copy of the "Notice of Sale" addressed to Claudio indicates a certified mail parcel number. The same number appears on the photocopy of the envelope. Appellee essentially argued in its reply brief that the presence of identical certified mail numbers on the two documents proved that the envelope contained the "Notice of Sale" letter. However, there is no evidence that the "Notice of Sale" was mailed in that particular envelope, nor is there any evidence that any document was mailed in that envelope. The materials submitted by Appellee simply do not demonstrate that notification was made.
 {¶ 20} Accordingly, based upon the evidence presented, Appellee did not meet its initial Dresher burden of demonstrating that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Claudio's first assignment of error is sustained to the extent that summary judgment was improperly granted because Appellee failed to demonstrate an absence of a genuine issue of material fact and that it was entitled to judgment as a matter of law.
 Second Assignment of Error
"The trial court erred when it granted summary judgment to [appellee] despite [appellee's] failure to make the required truth-in-lending disclosures conspicuous."
 {¶ 21} In her second assignment of error, Claudio argues that the summary judgment was improper because Appellee failed to comply with truth in lending laws. Our disposition of the first assignment of error renders this assignment of error moot. Therefore, we decline to address it.
 III. {¶ 22} Claudio's first assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed, and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
BATCHELDER, J. CONCUR