(April 13, 2006)

■ MERCHANTS BANK OF NEW YORK, a Division of VALLEY NATIONAL BANK, Appellant, v GOLD LANE CORP. et al., Respondents. [814 NYS2d 99]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered February 22, 2005, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its cause of action to recover a deficiency judgment against defendant Gold Lane Corp., affirmed, without costs.

Following defendant Gold Lane's defaults under various promissory notes payable to plaintiff bank, jewelry from Gold Lane's inventory was surrendered by defendants and auctioned by plaintiff to satisfy Gold Lane's outstanding indebtedness under the notes and the personal guarantees of the individual defendants. The amount obtained at auction was insufficient to cover the outstanding indebtedness and plaintiff now seeks a deficiency judgment. While plaintiff has, in support of its summary judgment motion for that relief, submitted the evidence of a certified appraiser indicating that the market value of the inventory turned over by defendants was reasonably close to

the price obtained for the jewelry at auction, defendants have submitted evidence that the actual cost of the jewelry at issue was significantly higher than the market value computed by the bank's appraiser and have raised factual questions as to the validity of the methods apparently employed by the appraiser, whose report seems to concentrate on the weight of the surrendered items and to assign little or no value to the items as high quality finished jewelry. Defendants' evidence is sufficient to raise a triable issue as to the commercial reasonableness of the collateral's sale (*cf. Leonia Bank v Kouri*, 286 AD2d 654, 655 [2001]; *First Fed. Sav. & Loan Assn. of Rochester v Romano*, 253 AD2d 363, 364 [1998]). Also supportive of the denial of summary judgment is the unexplained circumstance that the bank, while seeking a deficiency judgment, would appear, based on its submissions, to be still in possession of certain items of unsold collateral.

Procedurally, the affidavit of Paul DeKeukelaere, a vice-president of plaintiff, was sufficient to establish a prima facie showing of entitlement to summary judgment, including on the issue of the commercial reasonableness of the sale of collateral. The appraisals plaintiff submitted in reply properly responded to arguments raised in defendant's opposition. Concur—Buckley, P.J., Mazzarelli and Catterson, JJ.

McGuire, J., concurs in a separate memorandum as follows: Plaintiff, in a series of promissory notes, lent defendant Gold Lane Corp., a company engaged in the importing and wholesaling of jewelry, approximately $3,000,000. As security for the debt, Gold Lane provided plaintiff with an interest in Gold Lane's inventory and fixtures. Additionally, defendants Joshua and Israel Rosenberg (the guarantors) personally guaranteed Gold Lane's debt.

After defaulting on its obligations under the promissory notes, Gold Lane surrendered a portion of its inventory to plaintiff. Plaintiff retained an appraiser, qualified as a "master gemologist appraiser" by the relevant professional association, who determined, based upon relevant industry standards, that the "orderly liquidation value" of the surrendered inventory was $209,310.89. Thereafter, plaintiff solicited bids for this lot from established wholesale jewelers, procuring three bids. Plaintiff sold the lot to the highest bidder for $190,000, a bid that was approximately 90% of the lot's appraised "orderly liquidation value."

Following the disposition of the first lot, Gold Lane surrendered an additional portion of its inventory. Plaintiff employed the same appraiser who evaluated the first lot to ap-

praise the new lot. Utilizing the same methodology employed to value the first lot, the appraiser determined the value of the second lot to be $26,261.93. Again, plaintiff solicited bids for this lot from established wholesale jewelers, selling the lot to the highest bidder for $25,000. The winning bid on this lot was equal to 95% of its appraised value.

Plaintiff commenced the instant action to recover a $1,826,240 deficiency judgment against defendants, this sum representing the remaining amount owed under the promissory notes with interest. Plaintiff then moved for summary judgment on the amount sought. Plaintiff asserted that it had advanced Gold Lane money and that defendants were in default on their obligations under the promissory notes and guarantees, and it specified the remaining amount owed under the notes. Additionally, plaintiff maintained that the collateral was liquidated in a commercially reasonable manner, and that the sales could not be challenged by defendants. In support of its motion, plaintiff submitted, among other things, the affidavit of Paul DeKeukelaere, plaintiff's vice-president. This affidavit established the initial debt owed by Gold Lane to plaintiff under the promissory notes, Gold Lane's default under the notes, the amount of proceeds generated by the two aforementioned auctions and the amount of the deficiency. Plaintiff also submitted documentation regarding the promissory notes, the parties' security agreement, and the surrender agreement.

Defendants opposed the motion, principally arguing that the collateral was not liquidated in a commercially reasonable manner.

In reply, plaintiff submitted the additional affidavit of DeKeukelaere, who averred, among other things, that plaintiff possessed approximately 95,000 pieces of "unfinished jewelry" from the lots surrendered by defendants. This unsold collateral was comprised of "raw materials, diamonds, cubic zirconium and mabe pearls." Plaintiff also submitted copies of the appraisals.

Supreme Court denied plaintiff's motion, essentially determining that a triable issue of fact existed regarding whether the collateral was disposed of in a commercially reasonable manner. This appeal ensued.

"To succeed on its [ ]claim for a deficiency judgment, [a plaintiff] must carry its burden of establishing the commercial reasonableness of every aspect of the disposition of the collateral (Uniform Commercial Code [former] § 9-504, subd [3]; *General Elec. Credit Corp. v Durante Bros. & Sons*, 79 AD2d 509). Where factual issues exist as to the commercial reasonableness

of any aspect of the sale, summary judgment must be denied (*National Bank of Delaware County v Gregory*, 85 AD2d 839)" (*Kohler v Ford Motor Credit Co.*, 93 AD2d 205, 208 [1983]; *see Mack Fin. Corp. v Knoud*, 98 AD2d 713 [1983]). "A disposition of collateral is made in a commercially reasonable manner if the disposition is made: (1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition" (UCC 9-627 [b] [1]-[3]).* The concept of "recognized markets" is limited, applying "only to markets in which there are standardized price quotations for property that is essentially fungible" (e.g. stocks) (UCC 9-627, Comment 4). Accordingly, plaintiff bore the initial burden of demonstrating that it disposed of the collateral in conformity with reasonable commercial practices among dealers in jewelry (*see generally* UCC 9-627 [b] [3]).

In its initial submission in support of its motion, plaintiff proffered neither the affidavit of an expert nor any other evidence regarding the commercial propriety of the sales. Contrary to the view of the majority, the affidavit of DeKeukelaere, plaintiff's vice-president, was insufficient to establish a prima facie showing that plaintiff disposed of the collateral in conformity with reasonable commercial practices. Initially, DeKeukelaere never indicated, expressly or implicitly, that the collateral was disposed of in a commercially reasonable manner; his affidavit simply established the underlying facts of the transactions between the parties. Moreover, even assuming that such a conclusion could be gleaned from the affidavit, DeKeukelaere was not qualified to give such an opinion. Absent from DeKeukelaere's affidavit is any indication that he was qualified to appraise the jewelry at issue—there is no recitation in the affidavit of DeKeukelaere's education, training and experience nor was DeKeukelaere's resume or curriculum vitae supplied.

Although plaintiff did submit with its reply copies of the appraisals prepared prior to the sales, the appraisals should not have been considered by Supreme Court and should not be considered by this Court. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds [or evidence] for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]). The

---

* A disposition is also "commercially reasonable" if it has been approved in a judicial proceeding, or by a creditors' committee, a representative of creditors or an assignee for the benefit of creditors (UCC 9-627 [c]).

majority's conclusion that the appraisals were properly submitted in reply because they were responsive to defendants' opposition ignores the settled rule that a movant may not remedy basic deficiencies in its prima facie showing by submitting evidence in reply (*see e.g. Rengifo v City of New York*, 7 AD3d 773 [2004] ["to meet its prima facie burden, [movant] could not rely on the evidence submitted for the first time in its reply papers"]; *Migdol v City of New York*, 291 AD2d 201 [2002] ["affidavit of another employee submitted with appellant's reply papers was properly rejected by the motion court since it sought to remedy . . . basic deficiencies in appellant's prima facie showing rather than respond to arguments in plaintiff's opposition papers"]). Therefore, in light of plaintiff's failure to carry its initial burden, the motion was properly denied (*see e.g Ford Motor Credit Co. v Hernandez*, 210 AD2d 656 [1994]).

Even assuming, arguendo, that the appraisals could be considered in ascertaining whether plaintiff made a prima facie showing of entitlement to judgment as a matter of law, plaintiff still failed to satisfy its initial burden on the motion. Plaintiff conceded that following the sales it possessed approximately 95,000 pieces of "unfinished jewelry" which defendants had surrendered. Having failed to dispose of this portion of the collateral plaintiff could not establish that it disposed of all of the collateral in a commercially reasonable manner.

The Second Department's decision in *Associates Commercial Corp. v Liberty Truck Sales & Leasing* (286 AD2d 311 [2001]) is instructive in this regard. There, plaintiff agreed to advance funds to defendant corporation, which used the funds to purchase trucks that it would sell or lease to third parties. The loan was secured by collateral consisting of, among other things, all vehicles in the corporation's inventory. The corporation defaulted, and plaintiff repossessed and sold various vehicles within the collateral. Plaintiff subsequently commenced an action for a deficiency judgment against the corporation and two individuals who personally guaranteed the corporation's debt. Supreme Court granted plaintiff's motion for summary judgment and granted it leave to enter judgment on the amount of the alleged deficiency. The Second Department reversed Supreme Court's order, determining that plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law. Specifically, the court found that plaintiff failed to account for the disposition of four trucks that were included as part of the collateral. The court stated that "as a matter of law, [plaintiff] failed to meet its burden of showing that *all of the collateral seized* was disposed of in a commercially-reasonable

manner in accordance with UCC [former section] 9-504 (3)" (*id.* at 312 [emphasis added and citations omitted]).

In light of plaintiff's failure to carry its initial burden on the motion, the sufficiency of defendants' opposition papers need not be addressed (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).