■ Nassau County, Appellant, v Metropolitan Transportation Authority et al., Respondents. [953 NYS2d 183]—

Defendants' counterclaims are not barred by the statute of limitations. Their breach of contract counterclaim is based on plaintiff's (1) failure to pay requisitions that defendant Metropolitan Transportation Authority (MTA) submitted in August, October, November, and December 2001 and (2) use of the MTA Projects Fund in late 2007 to close a gap in plaintiff's budget. Clearly, these counterclaims were not barred in March 2001, when "the claims asserted in the complaint were interposed" (CPLR 203 [d]).

Nor are the counterclaims barred by laches. An essential element of laches is "unreasonable and inexcusable delay by the [counterclaim] plaintiff in undertaking to enforce his rights" (*Dante v 310 Assoc.*, 121 AD2d 332, 334 [1st Dept 1986], *lv denied* 68 NY2d 607 [1986]). There was no such delay here—plaintiff's lawyer admitted that "the parties, consensually, sat on their hands for six or eight years before anything was done." The record also contains a stipulation, signed by counsel for both sides, extending defendants' time to answer or move until plaintiff demanded an answer or motion.

Plaintiff's argument that the grant of summary judgment

was premature because no discovery had been conducted is unavailing (*see e.g. Thelen LLP v Omni Contr. Co., Inc.*, 79 AD3d 605, 606 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]). In opposition to defendants' motion, plaintiff did not claim that it needed discovery. On the contrary, it said, "the salient facts are essentially undisputed."

Defendants' initial submissions established a prima facie case for breach of contract (*see National Mkt. Share, Inc. v Sterling ·Natl. Bank*, 392 F3d 520, 525 [2d Cir 2004]; *see also Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]). In violation of CPLR 3015 (a), plaintiff's reply to defendants' counterclaims had merely stated, "The defendants have failed to comply with a condition precedent." Therefore, defendants were not required to establish, as part of their prima facie case, that they had complied with the condition precedent mentioned in section 2 (a) of the Mass Transportation Funding Agreement (*see 1199 Hous. Corp. v International Fid. Ins. Co.*, 14 AD3d 383, 384 [1st Dept 2005]; *contrast 1014 Fifth Ave. Realty Corp. v Manhattan Realty Co.*, 67 NY2d 718, 719 [1986]).

In its opposition to defendants' summary judgment motion, plaintiff specified, for the first time, that section 2 (a) (plaintiff "shall not be under any obligation to make Project Contributions unless it has acquired a leasehold or other interest in the Projects to which the Project Contributions relate") was the condition precedent it had in mind. Defendants properly responded to this argument in reply (*see Merchants Bank of N.Y. v Gold Lane Corp.*, 28 AD3d 266, 267 [1st Dept 2006]; *Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [1st Dept 2002]). We also note that defendants' initial submissions included the Mass Transportation Funding Agreement, which states, "In connection with [plaintiff]'s leasehold or other interest in any of the Projects to which [defendant Long Island Rail Road Company (LIRR)] holds title, [plaintiff] shall enter into an agreement with the LIRR substantially in the form annexed as Appendix A." Defendants' initial submissions also included the said Appendix A, which is an unexecuted copy of a Lease and Operating Agreement between plaintiff and the LIRR. The unexecuted copy in defendants' initial submissions is substantively the same as the executed copy that defendants submitted with their reply papers.

The court properly denied plaintiff's motion to renew. "Pursuant to CPLR 2221 (e) (2) and (3), a motion to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the

prior motion' " (*American Audio Serv. Bur. Inc. v AT & T Corp.*, 33 AD3d 473, 476 [1st Dept 2006]). In the case at bar, as in *Foley v Roche* (68 AD2d 558 [1st Dept 1979]), "no additional material facts are alleged" (*id.* at 568)—County Law § 215 (3), on which plaintiff relied in its renewal motion, is not a new *fact*.

It is true that "the court, in its discretion, may . . . grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made" (*Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376 [1st Dept 2001]). However, it was not an improvident exercise of discretion to refuse to grant an interest-of-justice renewal in the instant case. The unexecuted Lease and Operating Agreement, which was included in defendants' moving papers, contains the same provisions about lease duration as the executed contract. Plaintiff was a party to the Lease and Operating Agreement, so the provision about lease duration should not have come as a surprise to it. It could have argued in its opposition to defendants' summary judgment motion that the Lease and Operating Agreement violated County Law § 215 (3). Renewal should not "be available where a party has proceeded on one legal theory . . . and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application" (*Foley*, 68 AD2d at 568).

In any event, even if we were to consider plaintiff's argument that the Lease and Operating Agreement violated County Law § 215 (3), "a party cannot insist upon a condition precedent, when its non-performance has been caused by himself" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31 [1998] [internal quotation marks omitted]; *see also Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 269 [1st Dept 1995]). Plaintiff's acquisition of a leasehold interest in the mass transportation projects was a condition precedent to its obligation to make Project Contributions. The Lease and Operating Agreement was supposed to give plaintiff such an interest. If the Lease and Operating Agreement is invalid, it is because plaintiff passed an ordinance instead of a local law. Defendants should not be penalized for plaintiff's failure to follow proper procedures. Concur—Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.