In an action to recover the balance of a secured term loan note, the defendant Veronica Hearst appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 22, 2011, which denied her motion to vacate the note of issue and a trial readiness order of the same court entered September 28, 2011, and to direct that Ian Peck, the plaintiffs president, appear for a further deposition.
*818 Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion is granted, and the note of issue and the trial readiness order entered September 28, 2011, are vacated.
The plaintiff made a secured loan to the defendant Veronica Hearst. Following Hearst’s default on the loan, the plaintiff sold off the collateral provided by Hearst, and then commenced this action to obtain a deficiency judgment for the outstanding balance of the loan. Hearst argued that the plaintiffs sale of the collateral was not commercially reasonable, contending that there was a wide disparity between the actual value of the collateral and the price at which the plaintiff sold it. There is a sharp dispute between the parties regarding the market value of the collateral at the time of the sale by the plaintiff.
During the deposition of a nonparty witness, Hearst discovered that the plaintiff had engaged in an apparent second sale of a portion of the collateral at some point within the 15-month period following the first sale. Accordingly, Hearst moved to vacate the note of issue and trial readiness order, and to conduct a further deposition of the plaintiffs president, Ian Peck, in order to ascertain the terms of the apparent second sale and the circumstances surrounding the plaintiffs release of this portion of the collateral. The Supreme Court denied the motion.
CPLR 3101 (a) requires full disclosure of all evidence material and necessary in the prosecution or defense of an action (see Del Vecchio v Danielle Assoc., LLC, 94 AD3d 941, 942 [2012]; Vodoff v Mehmood, 92 AD3d 773 [2012]). The statute should be construed liberally to permit the discovery of material that will sharpen the issues for trial and reduce delay and prolixity (see Montalvo v CVS Pharmacy, Inc., 81 AD3d 611, 612 [2011]). Here, the Supreme Court improvidently exercised its discretion in denying Hearst’s motion. The substantial discrepancy between the previous appraised values of the collateral and the price at which it was sold by the plaintiff, as well as the fact that the plaintiff sold the collateral to an entity owned by the same person whom the plaintiff had hired to market the collateral to other potential purchasers, raised significant questions regarding whether the sale of the collateral was commercially reasonable (see generally Bankers Trust Co. v Dowler & Co., 47 NY2d 128 [1979]; Merchants Bank of N.Y. v Gold Lane Corp., 28 AD3d 266 [2006]; Federal Deposit Ins. Corp. v Forte, 94 AD2d 59 [1983]; Kohler v Ford Motor Credit Co., 93 AD2d 205 [1983]; Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp., 81 AD2d 168 [1981]; Central Budget Corp. v Garrett, 48 AD2d 825 [1975]). Since information regarding the circumstances of the *819 apparent second sale of a portion of the collateral may yield evidence relevant to the fair market value of the collateral at the time of the first sale, the note of issue and trial readiness order should have been vacated and Hearst afforded the opportunity to conduct a further deposition of Peck with regard to this limited issue |(see generally Jacobs v Johnston, 97 AD3d 538 [2012]). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.