■ BANK LEUMI USA, Respondent, v GM DIAMONDS, INC., et al., Appellants, et al., Defendants. [53 NYS3d 630]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about February 9, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its claims for breach of contract against defendant GM Diamonds, Inc. and to enforce a guaranty against defendant Geula Mesica, unanimously affirmed, with costs. Appeal from so-ordered stipulation, same court and Justice, entered April 12, 2016, unanimously dismissed, without costs, as abandoned.

With respect to appellants' contention that plaintiff's disposition of GM Diamonds' collateral was commercially unreasonable, plaintiff presented prima facie evidence that it disposed of the diamond collateral in a commercially reasonable manner (UCC 9-627 [b]; *Merchants Bank of N.Y. v Gold Lane Corp.*, 28 AD3d 266, 268-269 [1st Dept 2006]). Prior to putting the goods up for auction, plaintiff had at least two persons with expertise appraise the value of the diamond security. It then reached out to four potential bidders, three of which submitted bids, and plaintiff accepted the highest bid made, which was reasonably close to the appraised value and also represented the market value at the time of the auction as numerous bidders submitted offers.

In opposition, defendants failed to raise a triable issue of fact, relying on defendant Gilad's disagreement with plaintiff's expert concerning the valuation of the inventory and his assertion that plaintiff had unreasonably rejected a better offer made to GM Diamonds for only a portion of the inventory before plaintiff took possession of the collateral. However, even if such an offer were made, "[t]he fact that a greater amount could have been obtained by a collection, enforcement, disposition, or acceptance at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the collection, enforcement, disposition, or acceptance was made in a commercially reasonable manner" (UCC 9-627 [a]).

While defendants argue that the collateral had a book value over twice as high as the accepted offer, it is well settled that "a significant discrepancy between the original purchase price and the sales price does not, by itself, create a triable issue of fact" (*First Fed. Sav. & Loan Assn. of Rochester v Romano*, 253 AD2d 363, 364 [1st Dept 1998]; *see Dougherty v 425 Dev. Assoc.*, 93 AD2d 438, 446 [1st Dept 1983]; *see e.g. DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d 317, 322 [1st Dept 2004]).

With respect to defendant Geula Mesica's guaranty, the Bank submitted prima facie evidence in the form of the executed Unlimited Guaranty and the affidavit of its vice president attesting to GM Diamond, Inc.'s default. Defendant Geula, like the other guarantors on the Unlimited Guarantees, executed an "irrevocable" and "unconditional" guaranty to the Bank which waived her right to "interpose any defense, . . . setoff or claim, deduction or counterclaim of any nature or description" in any action or proceeding instituted by the Bank with respect to the Unlimited Guarantees. Subsequently, at the time of the execution of the Forbearance Agreement, defendant Geula and the other gurantors ratified and reconfirmed the Unlimited Guarantees, and again waived any defenses, setoffs or counterclaims against the Bank regarding all prior notes and the Unlimited Guarantees.

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Renwick, Moskowitz and Kahn, JJ.